## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

In re:
**Robert R. McNamara,**                                                **Chapter 7**
          **Debtor**                                                    **Case No. 17-11329**

### THE BANK OF CANTON'S MOTION TO EXAMINE THE DEBTOR AND SPARRELL FUNERAL SERVICES, INC. PURSUANT TO BANKRUPTCY RULE 2004(a) AND FOR PRODUCTION OF DOCUMENTS

The Bank of Canton, (the "Bank") hereby moves this Honorable Court pursuant to Rules 2004(a) and 9013 of the Federal Rules of Bankruptcy Procedure, for leave to examine the Debtor, Robert R. McNamara (the "Debtor") and Sparrell Funeral Services, Inc. ("Sparrell"), with documents to be produced in advance thereof. The examinations shall be conducted before a Notary Public at the office of the Bank's attorney Jack Mikels & Associates, LLP, 1 Batterymarch Park, Suite 309, Quincy, Massachusetts, commencing on Tuesday, June 20, 2017 at 11:00 a.m. as to the Debtor and Wednesday, June 21, 2017 at 11:00 a.m. as to Sparrell.[1] In support of this Motion, the Bank states as follows:

1.  This examination will be within the parameters and scope of the inquiry contemplated by Rule 2004(b), i.e., related to the "acts, conduct or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate or to the debtor's right to a discharge…"

2.  The Debtor and his non-debtor spouse Alice E. McNamara ("Alice") owe the Bank over $156,700 resulting from a post-foreclosure deficiency balance due on a promissory

---

[1] The parties may agree to consolidate the depositions in the event that Debtor is the designated witness for Sparrell.

note dated November 9, 2007 in the original principal amount of $746,250 (the "Note").[2]

3.  On or about August 15, 2016, the Bank commenced a civil action against the Debtor and Alice in the Norfolk Superior Court, Docket No. 1682CV01049, seeking judgment for the deficiency balance (the "Deficiency Action").

4.  The Bank's Deficiency Action includes equitable claims involving the Debtor's interests in Sparrell whereby the Bank seeks injunctive relief to reach monies that may be due to the Debtor from Sparrell and apply such funds to pay down the deficiency balance.

5.  Prior to the Deficiency Action, the Bank sued the Debtor and Alice to recover another unpaid promissory note.[3] That prior action was commenced on or about November 18, 2015 in the Norfolk Superior Court, Docket No. 1582CV01506 (the "Prior Action") and resulted in a money judgment against the Debtor and Alice and a reach and apply injunction against Sparrell. A copy of the Findings and Order on Application for Assessment of Damages and Default Judgment in said Prior Action is attached hereto as Exhibit A.

6.  Judgment in the Prior Action was paid in full just prior to the Bank's taking a post-judgment financial deposition of Sparrell.[4]

7.  On or about April 13, 2017, the Debtor petitioned this instant action under Chapter 7 of the Bankruptcy Code.

8.  In his Schedules filed on or about April 28, 2017, the Debtor represents that he is 100% owner of Sparrell and that said ownership interests have a $0.00 value. *See* Docket No. 12

---

[2] The Note had been secured by a mortgage on real estate located at 21 Central Street, Norwell, MA which the Bank was foreclosed upon on or June 11, 2015. The Bank was the successful bidder at the auction, acquiring the property for $600,000.00 via a Foreclosure Deed.

[3] The obligation involved a $50,000 loan that originated in February 1, 2008.

[4] Presumably, the judgment was paid to in order to avoid disclosing the financial affairs of Sparrell and the Debtor at deposition.

at page 5, Part 4, Answer No. 18.[5]

9.  The Bank seeks to conduct Rule 2004 examinations of the Debtor and Sparrell and obtain documents regarding Debtor's interests in Sparrell and their financial affairs and arrangements in order to thoroughly explore the Debtor's financial condition and transactions involving his business and its value.[6]

10. Federal Rule of Bankruptcy Procedure 2004 provides, in pertinent part as follows:

(a) Examination on Motion.  On motion of any party in interest, the court may order the examination of any entity.

(b) Scope of Examination.  The examination of an entity under this rule or the debtor under § 343 of the Code may relate only to the acts, conduct or property of to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge.

(c) Compelling Attendance and Production of Documents.  The attendance of an entity for examination and for the production of documents… may be compelled as provided in Rule 9016 for the attendance of a witness at a hearing or trial …

---

[5] During the Prior Action, the Debtor made certain representations to the Bank at Court that he had no ownership interests in Sparrell and that he only received a monthly income from the company in exchange for consulting services only.  In 2006, when the Debtor was applying for the underlying loans with the Bank, he represented that he was only a 50% owner in Sparrell.

[6] Among other things, the Bank wishes to examine certain real estate transactions involving Sparrell's acquisition of real estate located at 30 Central Street, Norwell, Massachusetts (the "Property") from McNamara Associates, LLC in September 2016, for consideration of $440,000 which was transferred to BM Mack Properties, LLC less than two months later for consideration of $100,000 "pursuant to a promissory note".  BM Mack Properties, LLC is entity of which the Debtor's son (Brendan McNamara) and daughter-in law (Melissa McNamara) are Managers.  The real estate transfers are recorded at the Plymouth County Registry of Deeds in Book 47514, Page 38 and Page 47717, Page 17, respectively.

11.   The permitted scope of a Rule 2004 examination is extremely broad. As the Court held in In re GHR Energy Corp., 33 B.R. 451 (Bankr.D.Mass. 1983):

> In general, a large latitutude of inquiry should be allowed in the examination of persons closely connected with the bankrupt in business dealings, or otherwise, for the purpose of discovering assets and unearthing frauds, upon any reasonable surmise that they have assets of the debtor … The examination… is of necessity to a considerable extent a fishing expedition.

Id. at 453 (citation omitted). See also In re N. Plaza LLC, 395 B.R. 113, 122 n. 9 (S.D. Cal. 2008) ("It is well established that the scope of a Rule 2004 examination is exceptionally broad and provides few of the procedural safeguards found in Federal Rule of Civil Procedure 26"); In re Texaco, Inc., 79 B.R. 551, 553 (Bankr. S.D.N.Y. 1987)("Rule 2004 affords a party in interest an opportunity to conduct a wide-ranging examination with respect to a debtor's financial affairs"); In re Pan American Hosp. Corp., 2005 WL 2445907 (Bkrtcy, S.D. Fla. 2005) ("Examinations under Rule 2004 are by their nature extremely broad, and are allowed for the 'purpose of discovering assets and unearthing frauds'").

12.   Information concerning the Debtor's assets and liabilities, his interests in and financial agreements and transactions regarding Sparrell fall within the scope of Rule 2004 discovery. Accordingly, the Bank requests the authority to conduct a Rule 2004 examination of the Debtor and Sparrell and to issue a subpoena for their examinations. To facilitate the examination, the Bank requests that this Court order the Debtor and Sparrell to produce the documents listed on Schedules A and B attached hereto in advance of said examination. The information and records sought from the Debtor and Sparrell by the Bank may affect the administration of the Debtor's estate and the right to discharge.

WHEREFORE, the Bank respectfully request that this Honorable Court allow this Motion and Order that:

A. The Bank, through its counsel may examine the Debtor and Sparrell pursuant to Fed. R. Bankr. P. Rule 2004 regarding the acts, conduct or property of to the liabilities and financial condition of the Debtor and Sparrell, or to any matter which may affect the administration of the Debtor's estate, or to the Debtor's right to a discharge, commencing on Tuesday, June 20, 2017 at 11:00 a.m. (as to the Debtor) and Wednesday, June 21, 2017 at 11:00 a.m. (as to Sparrell) unless otherwise rescheduled or consolidated by mutual agreement of the parties;

B. The Debtor shall appear for said examination individually and Sparrell shall designate one or more officers, directors, or managing agents or designate other persons who consent to testify on its behalf as to the matters and documents identified in <u>Schedule A</u> attached hereto;

C. Sparrell shall produce the documents listed in the attached <u>Schedule A</u> and the Debtor shall produce the documents listed in the attached <u>Schedule B</u> to the Bank's counsel on or before June 12, 2017, in advance of the examinations. The Bank, through its counsel shall issue subpoenas to the Debtor and/or Sparrell for the same records and/or additional records as are deemed necessary by the Bank consistent with Federal Rule of Bankruptcy Procedure 2004(b); and

D. Such other and further relief shall be granted as may be deemed just and proper.

Respectfully submitted

The Bank of Canton,

By its Attorneys,

/s/ Michael A. Wirtz
_____
Jack J. Mikels, BBO# 345560
Michael A. Wirtz, BBO# 636587
JACK MIKELS & ASSOCIATES, LLP
1 Batterymarch Park, Suite 309
Quincy, MA 02169-7454
Tel: 617.472.5600
lawoffice@jackmikels.com