**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: Robert R. McNamara,<br>            Debtor | Chapter 7<br>Case No. 17-11329 – MSH |
| The Bank of Canton<br>            Plaintiff,<br>v.<br>Robert R. McNamara,<br>            Defendant. | Adversary Proceeding No. 18-01022 |

**THE BANK OF CANTON'S MOTION FOR *EXPIDITED* DETERMINATION AND ORDER OF COMFORT DETERMINING THAT RELIEF FROM STAY IS INAPPLICABLE OR ALTERNATIVELY GRANTED FOR THE PURPOSE OF PRESERVING THE STATUTE OF LIMITATIONS UNDER MUFTA AND OBTAINING INJUNCTIVE RELIEF AGAINST SPARRELL**

The Bank of Canton (the "Bank") moves for the comfort of an Order determining that the automatic stay is either inapplicable, or alternatively, granted for the purpose of:

(i) Preserving claims under the Massachusetts Uniform Fraudulent Transfer Act ("MUFTA")[1] arising from Robert R. McNamara's (the "Debtor") transfer of Sparrell Funeral Services, Inc.'s ("Sparrell") assets to BM Mack Properties, LLC and BM McNamara Funeral Services, Inc. (collectively, the "BM Companies"); and

(ii) Obtaining an injunction against Sparrell to preserve funds due and received under the Promissory Note made by the BM Companies.

Expedited determination on this motion is requested under Massachusetts Local Bankruptcy Rules 9013-1(g) because the four-year statute of limitations to commence claims under the MUFTA applicable to this case tolls November 7, 2020.[2] In further support of its motion, the Bank states the following:

---

[1] Mass. Gen. L. c. 109A, §§ 1 et seq.

[2] *See* Mass. Gen. L. c. 109A, § 10.

1. To the extent required, this Motion is brought pursuant to Section 362(d) of the Bankruptcy Code (11 U.S.C. § 362(d)) and is also brought under Bankruptcy Rules 4001 and 9014, and Massachusetts Local Bankruptcy Rules 4001-1 and 13-16-1.

2. On April 13, 2017, the Debtor filed a voluntarily petition for relief under chapter 7 of the Bankruptcy Code which imposed a stay on the Bank's efforts to collect a post-foreclosure deficiency claim from the Debtor in excess of $156,000 (the "Deficiency").

3. This bankruptcy stayed a civil action that the Bank filed in the Norfolk Superior Court on August 15, 2016 seeking judgment for the Deficiency against the Debtor and a reach and apply claim as to monies due to the Defendant from Sparrell (the "Deficiency Action").[3]

4. On April 14, 2017, Warren E. Agin (the "Trustee") accepted appointment as Chapter 7 Trustee in this case. See Certificate of Appointment and Acceptance of Trustee Docket No. 6.[4]

5. On February 14, 2018, the Bank initiated an adversary proceeding against the Debtor objecting to his discharge under the Bankruptcy Code § 727 (the "Adversary Proceeding"). See A.P. Docket No. 18-01022-MSH.

6. On August 8, 2017, the Trustee filed a report of no distribution and abandonment of Debtor's assets. See Chapter 7 Trustee's Report of No Distribution previously filed herein.[5]

---

[3] The Deficiency Action was recently wrongfully dismissed without prejudice on the basis that the Bank had not responded to the court's request for a bankruptcy status update allegedly issued in July 2020. The Bank has moved to vacate the dismissal on the grounds of inadvertence and excusable neglect because the court's request for a status update was never received by Bank's counsel. The motion to vacate is pending with the Court. Debtor's counsel in that action has requested that the court delay its ruling on the motion alleging that Debtor is incapacitated and cannot communicate.

[4] Upon information and belief, Attorney Agin has resigned as a panel Chapter 7 trustee for the District of Massachusetts.

[5] Even if the Trustee had not abandoned the Debtor's assets, his ability to bring a fraudulent transfer claim for the benefit of this bankruptcy estate is now time barred under Bankruptcy Code § 546(a) which requires avoidance actions to be filing within two years after the order for relief. Here, the deadline for the Trustee to file an avoidance action lapsed in April 2019.

7. On September 18, 2020, Judgment in the Adversary Proceeding entered in favor of the Bank and the Debtor has been denied discharge under the Bankruptcy Code § 727(a)(4)(A) and § 727(a)(2). <u>See</u> Adversary Proceeding, Docket No. 120 and 121.[6]

8. In the Adversary Proceeding it was discovered that, on or about November 7, 2016, the Debtor transferred certain of Sparrell's assets, including valuable real estate holdings, personal property and an active funeral business to the BM Companies for less than fair value.[7] It has further been determined that these transfers were done with the intent to hinder and delay the Bank from collection the Deficiency. <u>See</u> Memorandum of Decision in Adversary Proceeding (the "<u>AP Decision</u>") Docket No. 120.

9. At all times relevant hereto, the Debtor's son, Brendan McNamara ("<u>Brendan</u>") has had ownership interests in both BM Companies. Brendan's wife, Melissa McNamara ("<u>Melissa</u>"), shares ownership interests with Brendan in BM Mack Properties, LLC.

10. It has been disclosed that the BM Companies gave Sparrell a 15-year Promissory Note dated November 7, 2016 in the original principal amount of $225,000 payable under monthly installments of $950 (the "<u>BM Note</u>"). Testimony and other evidence in the Adversary Proceeding supports that the BM Note was to provide a source of income to the Debtor.[8] <u>See</u> AP Decision, Docket No. 120.

11. On the October 2, 2020, Debtor moved to enlarge the time to file a notice of appeal of the Judgment in the Adversary Proceeding to October 23, 2020, on the grounds that, due to health issues, he has been unable to communicate with counsel regarding an

---

[6] Discharge was denied under § 727(a)(4)(A) because the Schedules and Statement of Financial Affairs that the Debtor filed in this case contained false information concerning his assets and financial condition that were found to have been willful and intentional, particularly with respect to his interests in Sparrell. Additionally, discharge was denied under § 727(a)(2)(A) because the Debtor caused his interests in Sparrell to be devalued by transferring essentially all of its assets to the BM Companies with the intent to hinder and delay the Bank from collecting the Deficiency. <u>Id.</u>

[7] The Debtor has been the sole owner and officer of Sparrell since 2011.

[8] Sparrell is defunct. Through the Adversary Proceeding, it was revealed that payments under the BM Note were being made to the Debtor.

appeal and that the Debtor's family would be consulting with counsel concerning the appointment of a guardian. *See* Motion in Adversary Proceeding Docket No. 125. The Motion to enlarge the deadline has been granted. *See* Adversary Proceeding Docket No. 126.

12. No appeal is pending at this time nor is it certain whether one will be filed.[9]

13. In relevant part, Section 6 of the MUFTA provides:

> (a) A transfer made … by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made … if the debtor made the transfer … without receiving a reasonably equivalent value in exchange for the transfer … and the debtor was insolvent at that time or the debtor became insolvent as result of the transfer …

Mass. Gen. L. ch. 109A, § 6 (a).

14. Section 8(a) of MUFTA provides creditors with an array of remedies and recoveries against the fraudulent transferor and the transferee to aid in its collection. *See* Mass. Gen. L. ch. 109A, § 8(a).

15. In relevant part, Section 9(b) of MUFTA provides

> .. to the extent a transfer is voidable in an action by a creditor under [§ 8(a)(1)], the creditor may recover judgment for the value of the asset transferred … or the amount necessary to satisfy the creditor's claim, whichever is less … The judgment may be entered against:
>
> (1) the first transferee of the asset or the person for whose benefit the transfer was made….

Mass. Gen. L. ch. 109A, § 9(b).

16. It is the Bank's intention to pursue collections against the BM Companies and their benefitting owners (Brendan and Melissa) for, among other things, transferee liability under the MUFTA for the assets they received and their role in hindering and delaying the Bank's efforts to collect the Deficiency. The Debtor would be a necessary party to the allegations against the BM Companies, Brendan and Melissa.

---

[9] Presumably, the recent motion to extend the notice of appeal deadline is nothing more than continued gamesmanship by the Debtor and Brendan aimed to further stall and delay the Bank's collections. The Bank anticipates that an appeal will only be pursued if this instant motion is ALLOWED and claims against Brendan, Melissa and the BM Companies under the MUFTA are successfully filed before the statute of limitations tolls.

17. Under MUFTA, the statute of limitations to bring a cause of action with respect to the fraudulent transfers is four years after the transfer was made. Mass. Gen. L. c. 109A, § 10. As applicable here, that deadline lapses within 30 days (November 7, 2020).

18. The Bank will be unduly prejudiced if it is time barred from bringing claims against the BM Companies, Brendan and Melissa, for transferee and related liability.

19. Additionally, the Bank intends to seek an injunctive order against Sparrell in the Deficiency Action to preserve the *status quo* of funds due to the Debtor under the BM Note so that the funds may be reached and applied to the Deficiency once the anticipated judgment in the Deficiency Action enters against the Debtor. The Debtor would be a necessary party to the allegations against Sparrell.

20. If the Court were to determine that the automatic stay does apply, then the order for relief requested herein should be allowed on an expedited basis and without the imposition of the 14-day stay order imposed by Fed. R. Bankr. P. 4001(a)(3).

**WHEREFORE**, for the foregoing reasons the Bank requests that this Honorable Court grant this motion and enter an Order:

A. Determining that there is no applicable automatic stay which prevents the Bank from proceeding with (i) claims under the MUFTA arising from the Debtor's transfer of Sparrell's assets to the BM Companies and their owners Brendan and Melissa, and (ii) an injunction against Sparrell as to payments due to the Debtor under the BM Note;

or, alternatively,

B. Granting the Bank relief from stay to proceed with (i) claims under the MUFTA arising from the Debtor's transfer of Sparrell's assets to the BM Companies and their owners Brendan and Melissa, and (ii) an injunction against Sparrell as to payments due to the Debtor under the BM Note;

C. That, to the extent necessary, relief from the automatic stay imposed by Section 362(d)(1) of the Bankruptcy Code be granted and effective immediately (free of any 14-day stay order imposed under Fed. R. Bankr. P. 4001(a)(3)) so as to permit the Bank to pursue its claims under Massachusetts Uniform Fraudulent Transfer Act; and

D. For such other and further relief as this Court may deem just and proper.

Respectfully Submitted,

The Bank of Canton,
By its attorneys,

/s/ Michael A. Wirtz
_____
Jack J. Mikels, BBO # 345560
Michael A. Wirtz, BBO # 636587
Jack Mikels & Associates
1 Batterymarch Park, Suite 309
Quincy, MA  02169-7454
Tel: 617.472.5600
lawoffice@jackmikels.com

CERTIFICATE OF SERVICE

I, Michael A. Wirtz, hereby certify that on October 8, 2020, a true copy of the THE BANK OF CANTON'S MOTION FOR *EXPIDITED* DETERMINATION AND ORDER OF COMFORT DETERMINING THAT RELIEF FROM STAY IS INAPPLICABLE OR ALTERNATIVELY GRANTED FOR THE PURPOSE OF PRESERVING THE STATUTE OF LIMITATIONS UNDER MUFTA AND OBTAINING INJUNCTIVE RELIEF AGAINST SPARRELL was electronically filed pursuant to Electronic Filing Rule 9 and/or by regular first class mail postage prepaid to the below listed parties:

| | |
|---|---|
| Joseph G. Butler<br>Law Office of Joseph G. Butler<br>355 Providence Highway<br>Westwood, MA 02090<br>JGB@JGButlerlaw.com | Assistant U.S. Trustee<br>John Fitzgerald<br>Office of the US Trustee<br>J.W. McCormack Post Office & Courthouse<br>5 Post Office Sq., 10th Fl, Suite 1000<br>Boston, MA 02109<br>USTPRegion01.BO.ECF@USDOJ.GOV |
| William J. Amann<br>Braucher & Amann, PLLC<br>764 Chestnut Street<br>Manchester, NH 03104<br>wamann@ba-lawgroup.com | Melissa Donohoe Dixon<br>Donohoe Law, PC<br>PO Box 702<br>Marshfield, MA 02050<br>melissa@donohoelawpc.com |
| Martin A. Mooney<br>Schiller Knapp Lefkowitz & Hertzel LLP<br>950 New Loudon Road, Suite 109<br>Latham, NY 12110<br>kcollins@schillerknapp.com | |

/s/ Michael A. Wirtz
_____
Jack J. Mikels, BBO # 345560
Michael A. Wirtz, BBO # 636587
Jack Mikels & Associates, LLP
1 Batterymarch Park, Suite 309
Quincy, MA  02169-7454
Tel: 617.472.5600
lawoffice@jackmikels.com