**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

| | |
|---|---|
| In re:  Robert R. McNamara,<br>        Debtor | Chapter 7<br>Case No. 17-11329 – MSH |

## **ORDER**

This matter having come before the Court, on <u>The Bank of Canton's Motion for *Expedited* Determination and Order of Comfort Determining that Relief from Stay is Inapplicable or Alternatively Granted for the Purpose of Preserving the Statue of Limitations Under MUFTA and Obtaining Injunctive Relief Against Sparrell</u> (ECF No. 49) after hearing and for the reasons stated on the record, good cause appearing to me therefor, it is hereby ORDERED that:

A. The automatic stay under § 362 of the Bankruptcy Code does not preclude The Bank of Canton (the "Bank") from proceeding against parties other than the Debtor, Robert McNamara (the "<u>Debtor</u>"), including Sparrell Funeral Services, Inc. ("Sparrell"), BM Mack Properties, LLC and BM McNamara Funeral Services, Inc. (collectively, the "<u>BM Companies</u>"), and Brendan and Melissa McNamara; and

B. The Bank is hereby granted relief from the automatic stay imposed by § 362 of the Bankruptcy Code for the limited purpose of permitting the Bank to take necessary actions to reinstate Norfolk Superior Court Civil Action No. 1682CV01049 (the "Deficiency Action") and, upon reinstatement, to prosecute its reach and apply claims against Sparrell in the Deficiency Action, including seeking injunctive relief to preserve funds that are due and received by Sparrell under the Promissory Note made by the BM Companies in favor of Sparrell .

C. Until the expiration of the time for filing an appeal of the Court's order of September 18, 2020 denying the Debtor's discharge, or until further order of the Court, the automatic stay remains in effect as to any claims by the Bank against the Debtor. If the Debtor files an appeal of the order denying his discharge, the Bank may seek a determination from this Court after notice and a hearing either that the stay is no longer in effect despite the pending appeal or that the stay should be further modified to permit the Bank to proceed with its claims against the Debtor in the Deficiency Action. Nothing herein shall preclude the Debtor from seeking a stay pending appeal pursuant to Rule 8007 of the Federal Rules of Bankruptcy Procedure, if appropriate circumstances exist.

D. The 14 day stay of this Order pursuant to Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure is waived.

Dated at Boston, Massachusetts, this 21st day of October, 2020.

Melvin S. Hoffman
United States Bankruptcy Judge